# In the United States Court of Federal Claims

No. 19-1251C

(Filed: November 22, 2019)

**(NOT TO BE PUBLISHED)**

|  |  |
|---|---|
| **AMITZAH MITZVAH,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| Defendant. | ) |

Amitzah Mitzvah, Washington, D.C.

Erin K. Murdock-Park, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her were Joseph H. Hunt, Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr. Director, and Alison Kidd-Miller, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**OPINION AND ORDER**

LETTOW, Senior Judge.

Plaintiff Amitzah Mitzvah has brought suit in this court alleging violations of her access to services at a shelter and poor treatment by two hospitals. Ms. Mitzvah specifically alleges an instance of discrimination by employees of the Patricia Handy Women's Shelter by evicting her in the middle of the night and breaching a contract with her. Compl. at 1. She also contends that "[t]wo hospitals seriously attempted to murder [her]." Compl. at 2. As compensation, Ms. Mitzvah seeks $1 billion dollars. Compl. cover sheet.

Defendant ("the government") has moved to dismiss Ms. Mitzvah's complaint for lack of subject-matter jurisdiction or, alternatively, for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss Pl.'s Compl. ("Def.'s Mot."), ECF No. 6.

Because this court lacks subject-matter jurisdiction, Ms. Mitzvah's claims are DISMISSED.

## BACKGROUND

Ms. Mitzvah alleges that she was staying at the Patricia Handy Women's Shelter in Washington, D.C. one unspecified evening when employees of the shelter evicted her in the middle of the night. Compl. at 1. She claims that the eviction was "in violation of the law," Compl. at 1, and "terminate[d] a contract with me," Compl. at 1. Thereafter, she claims that she pursued an administration review hearing without success, and then endeavored to appeal to the District of Columbia Court of Appeals but was denied relief, perhaps because of a missed filing deadline. Compl. at 1. She additionally contends that she was threatened and that evidence was tampered with. Compl. at 3.

## STANDARDS FOR DECISION

### *Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to do so, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

Ms. Mitzvah, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[1] "Subject matter jurisdiction is an inquiry that this court *must* raise *sua sponte*." *Metabolite Labs., Inc. v. Laboratory Corp. of Am. Holdings*, 370 F.3d 1354, 1369 (Fed. Cir. 2004) (emphasis added). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for pro se litigants only.").

## ANALYSIS

Ms. Mitzvah does not cite or allege any violations of federal statutes or money-mandating constitutional provisions that would provide the court with jurisdiction. *See* Compl. at 1, 2. Although she cites a contract in her complaint, *see* Compl. at 1, no contract was provided and no contracting person or entity is identified in the complaint. She also makes no allegations against the United States. Instead, the gravamen of her complaint is against actions by the Patricia Handy Women's Shelter, which is owned and operated by N Street Village. *See, e.g.*, "About the Village," *available at* https://www.nstreetvillage.org/about-the-village/ (last visited November 22, 2019). The hospitals to which she refers are only generally identified in her complaint by reference to "GWUH" and "Bridgepoint Capital Hill Hospital." Compl. at caption. Neither is a federal entity.

This court can only hear claims against the United States. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (With limited exceptions, none of which are applicable here, "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States, and if the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court."); *see also Anderson v. United States*, 117 Fed. Cl. 330, 331 (2014) (ruling that the Court of Federal Claims lacks jurisdiction "over any claims alleged against states, localities, state and local government entities, or state and local government officials and employees."). As a result, this court cannot exercise jurisdiction over any of Ms. Mitzvah's claims and must dismiss her complaint.

## CONCLUSION

For the reasons stated, Ms. Mitzvah's complaint shall be **DISMISSED** without prejudice. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge